IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| ANTWON MAURICE BAYARD, | : | |
|---|---|---|
| Plaintiff, | : | |
| v. | : | Civ. No. 12-177-RGA |
| MITT ROMEY, et al., | : | |
| Defendants. | : | |

Antwon Maurice Bayard, Ely State Prison, Ely, Nevada, Pro Se Plaintiff.

**MEMORANDUM OPINION**

May 10, 2012
Wilmington, Delaware

**ANDREWS, U.S. District Judge:**

Plaintiff Antwon Maurice Bayard ("Plaintiff"), an inmate at the Ely State Prison, Ely, Nevada, filed this action pursuant to 42 U.S.C. § 1983. He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 5.) The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(b) and § 1915A(b).

Plaintiff names as defendants five individuals including the President of the United States, Mitt "Romey," and Newt Gingrich. Attached to the Complaint are filings from a case Plaintiff filed in the United States District Court for the District of Nevada in *Bayard v. Skolink*, Civ. No. 09-476-RCJ-VPC, the relevance of which is unclear.

This Court must dismiss, at the earliest practicable time, certain *in forma pauperis* actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from governmental defendant). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F .3d 224, 229 (3d Cir. 2008). An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke* v. *Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at 327-28.

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(l) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant Plaintiff leave to amend his complaint, unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. When determining whether dismissal is appropriate, the court conducts a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11.

Second, the Court must determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Fowler*, 578 F.3d at 211. In other words, the complaint must do more than allege the plaintiff's entitlement to relief; rather, it must "show" such an entitlement with its facts. *Id.* A claim is facially plausible when its factual content allows the Court to draw a reasonable inference that

2

the defendant is liable for the misconduct alleged. See *Iqbal*, 556 U.S. at 678. The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted).

The Complaint might be fairly characterized as gibberish. It alleges no facts and no legal conclusions. Assuming the Complaint is for some violation of the Plaintiff's rights, he gives no hint as to what rights are at issue and how they were violated. There is also no hint as to why the case is filed in Delaware.

The Plaintiff merely lists numerous statutes and cases.

The "claims" against Defendants have no arguable basis in law or in fact and the Complaint will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915(A)(b)(1). Amendment of the Complaint is futile.

An appropriate order will be entered.